## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| SEMGROUP CORPORATION, THOMAS R. MCDANIEL, KARL F. FURZ, RONALD A. BALLSCHMIEDE, JAMES H. LYTAL, SARAH M. BARPOULIS, WILLIAM J. MCADAM, CARLIN G. CONNER, ENERGY TRANSFER LP, and NAUTILUS MERGER SUB LLC, | ) CLASS ACTION ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on September 16, 2019 (the "Proposed Transaction"), pursuant to which SemGroup Corporation ("SemGroup" or the "Company") will be acquired by Energy Transfer LP ("Parent") and Nautilus Merger Sub LLC ("Merger Sub," and together with Parent, "Energy Transfer").

2.      On September 15, 2019, SemGroup's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Energy Transfer.  Pursuant to the terms of the Merger Agreement, SemGroup's stockholders will receive $6.80 in cash and 0.7275 common units of Parent for each

share of SemGroup common stock they own.

3.      On October 3, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SemGroup common stock.

9.      Defendant SemGroup is a Delaware corporation and maintains its principal executive offices at 6120 S. Yale Avenue, Suite 1500, Tulsa, Oklahoma 74136-4231.  SemGroup's

common stock is traded on the New York Stock Exchange under the ticker symbol "SEMG."

10. Defendant Thomas R. McDaniel is Chairman of the Board of the Company.

11. Defendant Karl F. Kurz is a director of the Company.

12. Defendant Ronald A. Ballschmiede is a director of the Company.

13. Defendant James H. Lytal is a director of the Company.

14. Defendant Sarah M. Barpoulis is a director of the Company.

15. Defendant William J. McAdam is a director of the Company.

16. Defendant Carlin G. Conner is President, Chief Executive Officer, and a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware limited partnership and a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of SemGroup (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of September 13, 2019, there were approximately 78,963,892 shares of SemGroup common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout

the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27.     SemGroup moves energy across North America through a network of pipelines, processing plants, refinery-connected storage facilities, and deep-water marine terminals with import and export capabilities.

28.     The Company serves as a versatile connection between upstream oil and gas producers and downstream refiners and end users.

29.     Key areas of operation and growth for the Company include western Canada, the Mid-Continent, and the Gulf Coast.

30.     On September 15, 2019, SemGroup's Board caused the Company to enter into the Merger Agreement with Energy Transfer.

31.     Pursuant to the terms of the Merger Agreement, SemGroup's stockholders will receive $6.80 in cash and 0.7275 common units of Parent for each share of SemGroup common stock they own.

32.     According to the press release announcing the Proposed Transaction:

SemGroup® Corporation (NYSE: SEMG) today announced it has entered into a definitive merger agreement whereby SemGroup will be acquired by Energy Transfer LP (NYSE: ET) ("ET" or "Energy Transfer") in a unit and cash transaction valued at approximately $5.1 billion, including the assumption of debt and other liabilities.

Under the terms of the agreement, which has been unanimously approved by the Boards of Directors of both companies, SemGroup shareholders will receive $6.80 per share in cash and 0.7275 of an ET common unit for each SemGroup share, or approximately 40% cash and 60% equity. The equity consideration received is expected to be treated as a tax-free transaction. The transaction values SemGroup at $17.00 per share, and represents a 65% premium to SemGroup's closing share price of $10.28 on September 13, 2019, and an 87% premium to SemGroup's 20 day volume weighted average price (VWAP) as of the same date. Upon closing, SemGroup shareholders are expected to own approximately 2.2% of ET's outstanding common units. . . .

The transaction is expected to close by late 2019 or early 2020, subject to obtaining regulatory approvals, SemGroup shareholder approval and other customary closing conditions.
Advisors

Jefferies LLC acted as exclusive financial advisor to SemGroup and Kirkland & Ellis LLP acted as legal counsel. BofA Merrill Lynch acted as exclusive financial advisor to Energy Transfer and Latham & Watkins LLP acted as legal counsel.

*The Registration Statement Omits Material Information*

33.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

35.     First, the Registration Statement omits material information regarding the Company's and Energy Transfer's financial projections.

36.     With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA; (ii) all line items used to calculate cash available for dividends; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

37.     The Registration Statement also fails to disclose Energy Transfer's financial projections.

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

39.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Jefferies LLC ("Jefferies").

40.     With respect to Jefferies' Selected Public Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Jefferies in the analysis.

41.     With respect to Jefferies' Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate cash available for dividends of SemGroup; (ii) distributable cash flow of Energy Transfer and all underlying line items; and (iii) the individual inputs and assumptions underlying the discount rates of 10.77%, 9.77%, 10.15%, and 9.15% and the terminal yield values of 12.50%, 11.50%, 8.50%, and 7.50%.

42.     With respect to Jefferies' Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by Jefferies in the analysis.

43.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Recommendation of the SemGroup Board of Directors and Reasons for the Merger; (iii) Opinion of SemGroup's Financial Advisor; and (iv) SemGroup Unaudited Prospective Financial Information.

45.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SemGroup**

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule

14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. SemGroup is liable as the issuer of these statements.

48.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

49.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

51.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

52.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Energy Transfer**

54.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55.     The Individual Defendants and Energy Transfer acted as controlling persons of SemGroup within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of SemGroup and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56.     Each of the Individual Defendants and Energy Transfer was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

58.     Energy Transfer also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

59.     By virtue of the foregoing, the Individual Defendants and Energy Transfer violated Section 20(a) of the 1934 Act.

60.     As set forth above, the Individual Defendants and Energy Transfer had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 15, 2019

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*

Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*